### Michael L. GAINES, Plaintiff–Appellant,

v.

### Russell STENSENG, Disciplinary Administrator, El Dorado Correctional Facility; Kenneth Luman, Deputy Warden of Operations, El Dorado Correctional Facility; and Charles E. Simmons, Secretary of Corrections, Defendants–Appellees.

#### No. 01–3370.

United States Court of Appeals, Tenth Circuit.

June 7, 2002.

---

Michael L. Gaines, pro se.

Loren F. Snell, Jr., Assistant Attorney General (Carla J. Stovall, Attorney General, with him on the briefs), Office of the Attorney General, Topeka, Kansas, for Defendants–Appellees.

Before TACHA, Chief Judge, EBEL, and LUCERO, Circuit Judges.

**LUCERO, Circuit Judge.**

Michael L. Gaines, a Kansas state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. The district court determined that *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), precluded Gaines's claim that his Fourteenth Amendment due process rights were violated by his confinement for seventy-five days in disciplinary segregation. Having jurisdiction pursuant to 28 U.S.C. § 1291, we conclude that it is improper to dismiss a prisoner's § 1983 action for failure to state a claim when there is a complete absence of evidence concerning whether the duration and conditions of the prisoner's confinement in disciplinary segregation is atypical and significant in relation to the ordinary incidents of prison life. We therefore reverse and remand.

**I**

In February 2001, two disciplinary reports were filed against Gaines alleging that he had violated Kansas prison regulations by threatening or intimidating a corrections officer and by failing to respect a corrections officer. In March 2001, disciplinary hearings were conducted regarding those alleged violations. During the course of the hearings Gaines acted in a disruptive manner and was removed from the proceedings. He was found guilty of both disciplinary violations, received a combined sentence of seventy-five days in disciplinary segregation, and assessed a fifty-five dollar fine.

In April 2001, Gaines appealed the decision to defendant Charles E. Simmons, the Secretary of Corrections, alleging that he had been denied due process because his witnesses were not made available for examination and he was not supplied with counsel substitute upon being removed from the proceedings. Simmons rejected these arguments in May 2001, and Gaines served out his punishment. On appeal from Simmons's decision, however, the state district court found that Gaines's due process rights *had* been violated, and ordered that the disciplinary sentences be set aside, his file expunged from any reference to the cases or penalties, and the case remanded for new hearings. (Journal Entry of J. at 1–2.) Gaines filed the instant § 1983 suit in federal district court in October 2001, alleging that his Fourteenth Amendment due process rights had been violated and seeking declaratory and injunctive relief, as well as compensatory and punitive damages. The district court sua sponte dismissed the suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**II**

 We review de novo the district court's decision to dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir.1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir.) (quotation omitted), *cert. denied*, — U.S. —, 122 S.Ct. 274, 151 L.Ed.2d 201 (2001). In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Perkins*, 165 F.3d at 806. In addition, we must construe a pro se appellant's complaint liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir.1998).

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (quotation omitted). We read Gaines's first contention to be that the district court erred in dismissing his complaint because the defendants' violation of Kansas administrative regulations at his disciplinary hearings deprived him of his state-guaranteed due process rights. To the extent Gaines seeks relief for alleged violations of state statutes and prison regulations, however, he has stated no cognizable claim under § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (emphasizing that a § 1983 plaintiff must prove the defendant deprived him of a right secured by the Constitution and laws of the United States); *Hill v. Ibarra*, 954 F.2d 1516, 1520 (10th Cir.1992) (same). Gaines further complains that his Fourteenth Amendment due process rights have been violated.[2] He faces an uphill battle in establishing such a claim. In *Sandin v. Conner*, the Supreme Court held that states may under certain circumstances create liberty interests protected by the Due Process Clause, but that

> these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

515 U.S. at 484, 115 S.Ct. 2293 (citations omitted). Gaines urges that his placement in disciplinary segregation was indeed atypical and significant because he was unable to leave his cell and work, take art classes, or mingle with other prisoners for seventy-five days. (Appellant/Petitioner's Opening Br. at 3d; R. Doc. 1 at 3b.)

The district court concluded that Gaines's complaint failed to state a cognizable claim of constitutional deprivation, noting that Gaines did not face a threat of lengthened confinement, *see Sandin*, 515 U.S. at 487, 115 S.Ct. 2293 (suggesting that state action that "will inevitably affect the duration of [a] sentence" may require due process protection), and that the hardship he suffered from his seventy-five day confinement in disciplinary segregation was not atypical or significant in relation to the ordinary incidents to be expected while in prison. (R. Doc. 3 at 2.) The court thus sua sponte dismissed the complaint. *See* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted.").

We conclude that the district court acted precipitately in the instant case and that a § 1915(e) dismissal was improper. It is true that *Sandin* held, at the summary judgment stage, that the challenged "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." 515 U.S. at 486, 115 S.Ct. 2293. But to reach this conclusion the Court carefully examined the conditions of the prisoner's confinement, ultimately determining that his disciplinary segregation "mirrored those conditions imposed upon inmates in administrative segregation and protective custody." *Id.* By contrast, in the present case the district court engaged in no such

---

**2.** "No State shall ... deprive any person of life, liberty, or property, without due process of law ...." U.S. Const. amend. XIV, § 1.

examination of the typical conditions of confinement in Gaines's prison, instead determining in a conclusory fashion that seventy-five days in disciplinary segregation was neither atypical nor significant. Although the court might properly conclude at the summary judgment stage that there is sufficient evidence to establish that such segregation mirrors conditions imposed upon inmates in administrative segregation and protective custody, and that therefore the complaint should be dismissed, it is inappropriate to invoke § 1915(e) to dismiss the claim at this stage in the litigation without the benefit of any such evidence. *See Perkins*, 165 F.3d at 809 (reversing § 1915(e) dismissal and noting that "the district court did not have evidence before it from which it could engage in the analysis required by *Sandin* and determine whether the conditions of plaintiff's confinement presented the type of atypical, significant deprivation that would implicate a liberty interest"); *cf. Sandin*, 515 U.S. at 486, 115 S.Ct. 2293 ("Based on a comparison between inmates inside and outside disciplinary segregation, the State's actions in placing [the prisoner] there for 30 days did not work a major disruption in his environment.").

In particular the district court must determine whether the seventy-five day duration of Gaines's confinement in disciplinary segregation is itself "atypical and significant." *See Perkins*, 165 F.3d at 809 (noting that the state must "fully address both the duration and degree of plaintiff's restrictions as compared with other inmates"); *see also Colon v. Howard*, 215 F.3d 227, 231–32 (2d Cir.2000) (emphasizing that "the duration of [disciplinary segregation] confinement is a distinct factor bearing on atypicality and must be carefully considered," and con-

cluding that 305 days in such confinement is atypical and significant).

Finally, we note that the holding in this case is limited to the length of the seventy-five day disciplinary segregation. Disciplinary segregation for some lesser period could fail as a matter of law to satisfy the "atypical and significant" requirement in a case in the future, thereby making it futile to allow the pro se plaintiff to amend his complaint.

### III

The district court's dismissal of Gaines's complaint is **REVERSED**, and this matter is **REMANDED** for proceedings consistent with this order. Gaines's Motion to Supplement the Record is **GRANTED.**[3]

---

**3.** Gaines is reminded that he is obligated to continue making partial payments on his fil-

ing fees until they are paid in full.