F I L E D
**United States Court of Appeals
Tenth Circuit**

**May 22, 2007**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANNY ELLIOTT BEAUCLAIR,

Plaintiff-Appellant,

v.

BILL GRAVES, Former Governor, in
his official and individual capacity;
KATHLEEN SEBELIUS, Governor, in
her official and individual capacity;
ROGER WERHOLTZ, Secretary of
Corrections, in his official and
individual capacity; JANE DOE,
Ombudsman of Kansas, in her official
and individual capacity; WILLIAM L
CUMMINGS and DORIA WATSON,
Kansas Department of Corrections, in
their official and individual capacities;
ROGER HADEN; CHARLES E.
SIMMONS, Secretary of Corrections,
in his official and individual capacity;
RAY ROBERTS, Warden, Ellsworth
Correctional Facility, in his official
and individual capacity; (fnu) KEPKA,
Doctor, Ellsworth Correctional
Facility, in his official and individual
capacity; D. BUTLER, Registered
Nurse, Ellsworth Correctional Facility,
in her official and individual capacity;
(fnu) EDWARDS, (fnu) CHAPUT,
CCI, and (fnu) BRITTON, Ellsworth
Correctional Facility, in their official
and individual capacities; (fnu)
STOKES, CCII, Hutchinson
Correctional Facility, in his official
and individual capacity; L. E. BRUCE,
Warden, Hutchinson Correctional

No. 06-3265
(D.C. No. 03-CV-3237-SAC)
(D. Kan.)

Facility, in his official and individual capacity; (fnu) WILSON, (fnu) WILLIAMS, and (fnu) ANDERSON, CCIs, Hutchinson Correctional Facility, in their official and individual capacities; (fnu) (inu), CO Officer, Hutchinson Correctional Facility, in his official and individual capacity; M. A. NELSON, Warden, El Dorado Correctional Facility, in his official and individual capacity; J. THIESSEN, L. DAVIS, and S. DEWITT, Registered Nurses, Prison Health Services, El Dorado Correctional Facility, in their official and individual capacities; (fnu) JONES, Doctor, Prison Health Services, El Dorado Correctional Facility, in his official and individual capacity; JOHN DOE, Doctor, Larned State Hospital, in his official and individual capacity; ELIZABETH GILLESPIE, Director, Shawnee County Jail, in her official and individual capacity; RICHARD ECTERT, County Counselor, in his official and individual capacity; (fnu) BURNEY, Major, Shawnee County Jail, in his official and individual capacity; DEBBIE McARDLE, Team Leader, Shawnee County Jail, in her official and individual capacity; JOSIE NORRIS, Doctor, Shawnee County Jail/Health Authority, in her official and individual capacity; SHAWN LEISINGER, Assistant County Counselor, in his official and individual capacity; (fnu) BLAKELY, Doctor, Shawnee County Jail, in his official and individual capacity;

LESLIE HUSS, LSCSDW, Shawnee County Jail, in her official and individual capacity; (fnu) ALBERT, and (fnu) WATSON, Doctors, Prison Health Services, Ellsworth Correctional Facility, in their official and individual capacities; JANET MYERS, Registered Nurse, Health Services Administration, in her official and individual capacity; DENNIS GUFF, ARNP, Prison Health Services, Hutchinson Correctional Facility, in his official and individual capacity; (fnu) RUSTIA, Doctor, Prison Health Services, Hutchinson Correctional Facility, in his official and individual capacity; LAWRENCE PERRY, Doctor, Medical Contract Management Consultant, Prison Health Services, in his official and individual capacity; MARGARET SMITH, MD, Medical Contract Management Consultant, Prison Health Services, in her official and individual capacity; JAMES BAKER, MD, Prison Health Services, Regional Medical Director, in his official and individual capacity; JO RENE KERNS, Senior Vice President, Prison Health Services, in her official and individual capacity; JESSE HUBLING, Regional Vice President, Prison Health Services, in his official and individual capacity; CARL J. KELDIE, MD, Medical Director, Prison Health Services, in his official and individual capacity; GERALD F. BOYLE, President and CEO, Prison Health Services, in his official and individual capacity; (fnu) KIVETT, R.

-3-

EGLI, (fnu) STANTON, (fnu) NOLL, (fnu) ETHERIDGE, ANGELA GOEHRING, DEBORAH J. WALKER, JANE DOES, JOHN DOES, (fnu) JAYNES, CAROL WARD, and R. ARNOLD, in their official and individual capacities; (fnu) HOANG, Doctor, Lansing Correctional Facility, in his individual and official capacity; ROGER HADON, Kansas Department of Corrections, in his individual and official capacity; R. A. STUPER, Deputy Warden, Lansing Correctional Facility, in his individual and official capacity; DAVID MCKUNE, Warden, Lansing Correctional Facility, in his individual and official capacity; MICHAEL MOWERY, PT, PHS/CCS, in his official and individual capacity; DAVID PELZEL, El Dorado Correctional Facility, in his official and individual capacity; SHASHANK B. RADADIYA, Doctor, KU Medical Center, in his official and individual capacity; (fnu) FISHBACK, CCI, Lansing Correctional Facility, in her official and individual capacity; NADINE K. BELK, HSA/CCS, in her official and individual capacity; (fnu) HENDRY, CCS, Lansing Correctional Facility; SHRRYDETTAN RODYBUSH, Assistant to Roger Hadon; (fnu) SENNE, CCS, Lansing Correctional Facility,

Defendants-Appellees.

-4-

---

## ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Danny Elliot Beauclair, a Kansas state prisoner appearing pro se, alleges that his Eighth Amendment right to be free from cruel and unusual punishment has been violated because: (1) Certain of the above-named defendants have acted with deliberate indifference to his serious medical needs; and (2) Certain of the above-named defendants failed to protect him from being assaulted by another inmate. Exercising its power under 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c)(2), the district court sua sponte dismissed Beauclair's claims, concluding that he had failed to state a claim upon which relief may be granted. As a result, none of the defendants were served, or otherwise appeared, in the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceedings below. Similarly, none of the defendants have entered an appearance in this appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.[1]

## I

Beauclair has been diagnosed with numerous ailments, including fibromyalgia, chronic fatigue, chronic pain syndrome, sleep disorder, irritable bowel syndrome, plantar fasciitis, osteoarthritis, degenerative disc disease, bilateral leg radiculopathy, and hypothyroidism. He claims that he suffers from even more disorders and that he is in constant pain. In his original complaint, he alleged that numerous prison officials and medical staff provided inadequate treatment and ignored his requests for alternative measures.

After reviewing Beauclair's voluminous complaint, the district court informed him that his case would be subject to dismissal without prejudice unless he submitted an amended complaint on a court form. On that form, Beauclair was ordered to provide a plain statement and a brief factual summary for each of his claims. The court further instructed Beauclair to describe the manner in which each defendant participated in the alleged violations, and describe his efforts to exhaust his administrative remedies. In response, Beauclair submitted five amendments or supplements to his initial complaint, each with additional claims

---

[1] Plaintiff previously filed a motion for appointment of counsel to represent him in this appeal. On August 15, 2006, this court entered an order denying plaintiff's motion.

and defendants. Finding that Beauclair's allegations constituted, at worst, negligence, rather than deliberate indifference, the district court dismissed his claims. Beauclair now appeals.

**II**

We review de novo the district court's decision to dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001) (quotation omitted). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002); see also Kikumura v. Osagie, 461 F.3d 1269, 1294 (10th Cir. 2006) (stating that a prisoner "is merely required to provide 'a short and plain statement' of his Eighth Amendment claims, and 'malice, intent, knowledge, and other condition of mind of a person may be averred generally' in the complaint") (citations and alteration omitted).

"In addition, we must construe a pro se appellant's complaint liberally." Gaines, 292 F.3d at 1224. This liberal treatment is not unlimited, however, and "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted). In the Eighth Amendment context, we also recently recognized that, "[a]lthough plaintiffs are not required to plead specific facts demonstrating defendants' culpable state of mind, they can still undermine their own case by asserting facts incompatible with a deliberate indifference claim." Kikumura, 461 F.3d at 1294.

In evaluating a deliberate indifference claim under the Eight Amendment, we must consider both the objective and the subjective components required by our precedent. Id. at 1291. To satisfy the objective test, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006). To meet the subjective requirement, a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999). This latter standard is the equivalent of "criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of harm." Mata v. Saiz, 427 F.3d 745, 752 (10th Cir. 2005) (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994)).

**A**

We agree with the district court that, even if liberally construed and accepted as true, Beauclair's allegations regarding his medical and dental complaints do not satisfy the subjective component of the deliberate indifference standard. Rather, his allegations merely show a difference of opinion regarding appropriate medical care or, at worst, negligence.

As Beauclair has conceded in his opening brief, he received the treatment deemed appropriate by the medical staff of each of the facilities in which he was detained. In Larned State Hospital he received treatment for his irritable bowel syndrome, he was given a "no stairs" restriction, his meals were delivered to his cell daily, and he was provided pain medication. At Shawnee County Jail his medication regimen continued, he was given antibiotics and aspirin pending removal of two teeth, and he was provided a knee brace. He continued to receive medication during his confinement at "RDU." The "same course of treatments" continued at the Hutchinson Correctional Facility ("HCF"), where he also had two teeth pulled and received pain medication. Beauclair claims that he received no medical care during his confinement at Ellsworth Correctional Facility from March 2003 to May 2003, but his allegations show that he was seen by a doctor in April 2003. Finally, at Lansing Correctional Facility ("LCF"), Beauclair was given "medical shoes, and arch supp[or]ts and an egg crate pad for his bad back/herniated disk." He was subsequently given knee braces, a cane, and

eventually a wheel chair. In addition, Beauclair was sent to see a rheumatologist at the University of Kansas Medical Center, and participated in a meeting with several prison officials at LCF, including a medical consultant, to discuss his medical care.

In sum, we agree with the district court that "[t]he record fully documents continuing care and attention to plaintiff's numerous medical needs." Although providing some form of medical treatment does not necessarily foreclose a deliberate indifference claim, see, e.g., Oxendine v. Kaplan, 241 F.3d 1272, 1279 (10th Cir. 2001), Beauclair never contends that prison staff ignored a serious medical concern or failed to reasonably address any medical need.

**B**

Beauclair alleges that he was seriously injured on November 21, 2002, when one of his cellmates in a five-man cell at HCF assaulted him. He contends that prison officials at HCF were deliberately indifferent to his safety because he had previously filed an "emergency grievance" dated September 20, 2002, informing the prison officials that he was being threatened by the same prisoner. That grievance stated:

> Please respond ASAP. As there are person's in my cell that do not like my Bathing needs. So I am requesting to go Back to [cell] D-1-100 ASAP, and stay [there], you are putting me in harms way under KSA. 21-3425 & KSA. 21-3902.

According to Beauclair, prison officials denied his grievance, finding that there was no emergency and that the same matter had been previously grieved.

"While prison officials have a duty to protect prisoners from violence at the hands of other prisoners," Curley, 246 F.3d at 1282 (quotation omitted), this duty requires only that prison officials not act with "deliberate indifference to inmate health or safety," id. (quotation omitted). As noted above, to show the requisite deliberate indifference, plaintiff must establish that defendants "knew he faced a substantial risk of harm." Kikumura, 461 F.3d at 1293. As the Supreme Court has explained, "the [prison] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. We conclude that Beauclair's allegations are insufficient to show such deliberate indifference. The referenced grievance did not contain enough facts to support an inference that he was facing a substantial risk of serious harm. Plaintiff has also failed to allege sufficient facts to show that the prison officials acted with deliberate indifference to his safety when they failed to implement the alleged "'Medical Restriction' [that] was done on 5-30-2002, by Dennis Goff, ARNP, requesting Beauclair be placed in a 'One man cell' due to medical problems of [irritable bowel syndrome]."

Finally, in his initial complaint, Beauclair also alleged that he received deficient medical care for the injuries that he sustained in the assault. As with his

other claims based on insufficient medical care, however, Beauclair concedes he was given pain medication and a treatment regimen. This claim again represents a difference of opinion regarding the proper course of treatment, rather than deliberate indifference. It too was properly dismissed by the district court.

## III

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge