FILED
United States Court of Appeals
Tenth Circuit

September 28, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MILO A. JONES,

        Plaintiff–Appellant,

v.

SUE BOKOR, Physician, Correct Care
Solutions, in her individual and
official capacity; STAN WOFFORD,
Administrator, Correct Care Solutions,
in his individual and official capacity,

        Defendants–Appellees.

No. 11-3056
(D.C. No. 5:08-CV-03288-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Milo A. Jones, a Kansas inmate proceeding pro se, appeals the district

court's grant of summary judgment to defendants on his claims brought under 42

U.S.C. § 1983 for deliberate indifference to his serious medical needs. We

affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Jones is in the custody of the Kansas Department of Corrections ("KDOC"). Defendant Bokor is an Advanced Registered Nurse Practitioner employed by Correct Care Solutions, LLC ("CCS"), a company that provides medical care to KDOC inmates, including Jones. Defendant Wofford is the CCS Health Services Administrator. Jones' claims are based on a change in KDOC's policy to require inmates to be handcuffed with their hands behind their backs, palms turned outward, unless the inmate receives an approved exception based on medical reasons. Jones asserts that the new handcuffing procedure caused pain to his left shoulder, which he allegedly injured in 2004. Accordingly, he sought a medical exception that would permit him to be handcuffed with his palms together.

On April 7, 2008, Jones submitted a medical request seeking an exception. The following day, Bokor reviewed Jones' medical records, including an x-ray of his left shoulder, and concluded that his shoulder had suffered "no significant degenerative changes" requiring a departure from the palms-out procedure. On April 25, 2008, Jones presented Bokor a single page from a legal document he claimed verified his 2004 shoulder injury. Bokor rejected the document because it identified neither Jones nor any physical injury. Thereafter, Bokor felt that Jones became angry, and she had him escorted from the exam room. The treatment notes indicate that Bokor told Jones that he could resubmit a sick call

slip to have his shoulder evaluated. Although Jones was scheduled for an appointment on April 29, 2008, he refused to attend.

In May 2008, Jones submitted two administrative grievances complaining that the palms-out handcuffing policy aggravated his shoulder injury and that Bokor had denied him medical treatments. Defendant Wofford responded to each of Jones' grievances. In both cases he concluded that Jones had not shown that the palms-out procedure would harm his shoulder. Wofford further noted that Jones had refused to attend the April 29 sick call and reminded him to submit a new sick call request.

Eventually, in 2009, Jones was evaluated by a physician, Dr. Harrod. Harrod reluctantly gave the necessary authorization for Jones to be handcuffed with palms together over a three-month trial period. At the end of the trial period, however, Harrod concluded that deviation from the palms-out procedure was not necessary and that the palms-together method would likely cause more strain on his shoulder than the palms-out method.

Jones filed suit, arguing that the defendants had denied him medical treatment in violation of the Eighth Amendment. The district court granted the defendants' motion for summary judgment, holding that Jones had not shown the defendants were deliberately indifferent to his serious medical needs. The court further held that defendants were entitled to qualified immunity and that Jones was not entitled to declaratory or injunctive relief.

## II

We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court. Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] Because Jones is representing himself, we construe his filings liberally. Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).[2] "'Deliberate indifference' involves both an objective and a subjective component." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). To satisfy the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006). The subjective component requires

---

[1] Jones has cited former Rule 56. The rule was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

[2] Defendants Bokor and Wofford are considered governmental employees who can be held liable for violations of the Eighth Amendment because the state has delegated to them penological medical functions. See Smith v. Cochran, 339 F.3d 1205, 1215-16 (10th Cir. 2003) (collecting cases).

evidence that the official "knows of and disregards an excessive risk to inmate health or safety." Mata, 427 F.3d at 751 (quotation omitted).

## III

We first address Jones' argument that the district court incorrectly deemed untimely his response to defendants' summary judgment motion. Even though the district court determined that the response was late, the court nevertheless considered it. Timeliness is therefore irrelevant.

Jones next asserts that the district court should not have admitted the prison grievance documents or his medical records, including a physician's report interpreting his shoulder x-ray. He contends that the physician's report was fabricated and that the remaining documents were unsworn and thus were inadmissible. Jones waived this argument, however, by stipulating in the pretrial report that the prison grievance documents and his medical records would be admissible. See Cortez v. Wal-Mart Stores, Inc., 460 F.3d 1268, 1276-77 (10th Cir. 2005) (contested issues not included in pretrial order are waived).

Turning to the merits, we conclude that Jones failed to produce evidence to support either the objective or the subjective components of deliberate indifference. Jones produced no evidence showing that his shoulder condition was sufficiently serious to require medical attention or to warrant a deviation from the palms-out handcuffing procedure. The record establishes, at most, that Jones disagreed with Bokor and Wofford about his need for an alternate

handcuffing procedure. Disagreement with a medical professional's "judgment concerning the most appropriate treatment, without more, does not rise to the level of an Eighth Amendment violation." Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010).

Moreover, to the extent Jones claims that his Eighth Amendment rights were violated by the delay between his truncated appointment with Bokor on April 25, 2008, and his examination by Dr. Harrod on August 28, 2009, he has not alleged that "the delay resulted in substantial harm," such as a "lifelong handicap, permanent loss, or considerable pain." Mata, 427 F.3d at 751 (quotation omitted). Thus, Jones has failed to establish the objective component of deliberate indifference.

Similarly, because Jones has not produced evidence of a serious medical condition requiring either treatment or an alternate cuffing procedure, he cannot show that Bokor or Wofford knew of and disregarded an excessive risk to his health or safety. Accordingly, Jones has failed to establish the subjective component of deliberate indifference.

Because Jones has not shown that the defendants violated his Eighth Amendment rights, they are entitled to qualified immunity from suit in their individual capacities. See Pearson v. Callahan, 555 U.S. 223, 231 (2009). Jones' official-capacity claims fail for the same reason. See Ellis ex rel. Estate of Ellis v. Ogden City, 589 F.3d 1099, 1104 (10th Cir. 2009).

**IV**

The district court's grant of summary judgment to defendants is

**AFFIRMED**.  The district court granted Jones leave to proceed on appeal

in forma pauperis, but he is reminded that he is obligated to make partial

payments until his appellate filing fee is paid in full.  <u>See</u> 28 U.S.C. § 1915(b).

Entered for the Court


Carlos F. Lucero
Circuit Judge