UNITED STATES of America,
Plaintiff,

v.

REAL PROPERTY KNOWN AS 7208 EAST 65TH PLACE, TULSA, OKLAHOMA; et al., Defendants.

Case No. 15–CV–324–GKF–TLW

United States District Court,
N.D. Oklahoma.

Signed May 5, 2016

Catherine J. Depew, United States Attorney's Office, Tulsa, OK, for Plaintiff.

## ORDER

GREGORY K. FRIZZELL, CHIEF JUDGE, UNITED STATES DISTRICT COURT

Before the court is the "Motion to Dismiss Claims and Answers Filed by Maureen Long and Camelot Cancer Care, Inc." filed by plaintiff the United States of America ("the government") [Dkt. # 44]. The government's motion asks the court to apply the fugitive disentitlement doctrine—as codified at 28 U.S.C. § 2466—to claimants Maureen Long ("Long") and Camelot Cancer Care, Inc. ("CCC"). Under § 2466(a),

A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person—

(1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution—

(A) purposely leaves the jurisdiction of the United States;

(B) declines to enter or reenter the United States to submit to its jurisdiction; or

(C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and

(2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

Long has filed a response to the government's motion. Because Long filed the response *pro se*, the court construes it liberally. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir.2002).

Long was indicted in the United States District Court for the District of Kansas ("the Kansas criminal case"). [Dkt. # 44-1]. A warrant was issued for her arrest. [Dkt. # 44-2]. Long has knowledge of the warrant. [Dkt. # 51, p. 4]. In spite of this knowledge, Long has not "reenter[ed] the United States to submit to its jurisdiction"—§ 2466(a)(1)(B)—but rather remains out of the country. [*See* Dkt. # 44-5]. Long does not claim to be "confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction." § 2466(a)(2).

Long argues § 2466 does not apply to her because her failure to return to the United States is not motivated by a desire "to avoid criminal prosecution." § 2466(a)(1). Long argues she was already out of the country when she was indicted and that the prosecutor in the Kansas criminal case had Long's passport revoked, making her return impossible. Long argues she intends to return when she can do so "safely," by which she appears to mean when she can return without immediately being taken into custody. [*See* Dkt. # 51, p. 7]. The government, in reply, does not state whether, in fact, Long's passport has been revoked, but argues Long may submit herself to the jurisdiction of the United States without a passport by visiting a United States Consulate. [Dkt. # 53, p. 3]. The government also submits email correspondence suggesting Long's motive in leaving the country was, in fact, to avoid criminal prosecution. [Dkt. # 53-1]. The court in the Kansas criminal case applied the fugitive

disentitlement doctrine to Long when denying her motion to transfer that case to the Northern District of Oklahoma. [Dkt. # 44–4].

Having reviewed Long's response and the documentation attached thereto, the court finds Long is intentionally refusing to return to the United States and submit to its jurisdiction until she can guarantee that she will not be taken into custody prior to trial. Long's refusal is not defensible. One may not refuse to submit to an arrest warrant as a way to gain leverage in negotiating the terms of surrender. The court concludes § 2466 applies and "disallow[s]" Long and CCC[1] "from using the resources of" this court in this civil forfeiture action related to the Kansas criminal case.

WHEREFORE, the government's "Motion to Dismiss Claims and Answers Filed by Maureen Long and Camelot Cancer Care, Inc." [Dkt. # 44] is granted. Accordingly, the claims filed by Long [Dkt. # 18] and CCC [Dkt. # 21] are dismissed without prejudice to refiling if and when Long submits to the jurisdiction of the United States. Long's "Motion for Release and Return of Illegally Seized and Detained Property" [Dkt. # 49], "Motion to Dismiss" [Dkt. # 67], and "Motion to Strike ... Supplemental Reply" [Dkt. # 71] are stricken without prejudice to refiling, as she cannot yet avail herself of the resources of this court. § 2466(a).

IT IS SO ORDERED this 5th day of May, 2016.

1. Under § 2466(b), the fugitive disentitlement doctrine applies to a corporation if it also applies to a majority shareholder of the corporation or to the individual filing the corporation's claim. Long does not dispute that she owns and controls CCC, and she is the individual who filed CCC's claim in this matter.