**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LEROY HAYES,

     Petitioner - Appellant,

v.

WARDEN BEAR,

     Respondent - Appellee.

No. 18-6112
(D.C. No. 5:18-CV-00391-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Leroy Hayes, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 petition. He also moves to proceed *in forma pauperis* (IFP). We deny Hayes a

COA, and we deny his IFP motion.

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe a pro se appellant's complaint liberally. *Gaines v. Stenseng*, 292
F.3d 1222, 1224 (10th Cir. 2002). But we won't serve as his advocate. *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

# BACKGROUND

On April 11, 1996, Hayes entered a blind guilty plea to state-court charges including indecent or lewd acts with a child under sixteen, exhibition of obscene or lewd materials to a minor, procuring a minor for child pornography, possession of child pornography, and solicitation to commit murder. He also entered a blind guilty plea to forcible oral sodomy. He received life sentences on each count, with some to be served concurrently and others to be served consecutively.

On August 25, 1999, Hayes filed his first state-court post-conviction-relief application. The state trial court denied his application on October 14, 1999. Hayes appealed that denial to the Oklahoma Court of Criminal Appeals, which dismissed his appeal.

On April 24, 2018, Hayes filed this 28 U.S.C. § 2254 petition. In his petition, he alleged that he wasn't allowed to directly appeal his convictions due to his "disabilities and counsels [sic] refusal to file one," R. at 8; that all of his "sentences have been discharged under Okla. Uniform Jury Instruction 10-13-B, and 1997 legislative" action, *id.* at 9, and that Oklahoma lacked jurisdiction over his criminal case. Hayes alleged he timely filed his petition because "actual innocence claims can not be time barred"; because "jurisdictional claims can not be waived or time barred"; because "state impediments to filing [his petition] were lifted only in 2017"; and because the "predicate for [his] claims could not have been discovered before 8/8/2017, when 10th Cir. Appeals Court recognized them," *id.* at 16.

The district court dismissed Hayes's § 2254 petition as time-barred because the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations had expired no later than July 2, 1997. And the district court concluded that Hayes failed to allege sufficient factual allegations to justify equitable tolling. The district court declined to issue Hayes a COA and denied Hayes's motion to proceed IFP on appeal, finding that any appeal wouldn't be taken in good faith.

Hayes now appeals.

## DISCUSSION

Before Hayes's appeal may proceed, he must obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). To do so, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude [] that the district court erred in dismissing the petition[.]" *Slack*, 529 U.S. at 484.

AEDPA provides a one-year statute of limitations period for habeas petitions filed by persons in custody under the authority of a state-court judgment. 28 U.S.C. § 2244(d)(1). That limitation period runs from the date the state-court judgment becomes final by conclusion of direct review or the date when the time to seek such review expires, among other dates not relevant to this appeal. *Id.* State petitions for post-conviction relief filed within AEDPA's one-year limitation toll the statute of limitations. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Equitable tolling can also provide relief from AEDPA's one-year limitation period.

3

*Holland v. Florida*, 560 U.S. 631, 634 (2010). Hayes is entitled to equitable tolling if he can show (1) that he has diligently pursued his rights, and (2) that extraordinary circumstances blocked him from timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Having reviewed the record, we agree that no jurist of reason could conclude that Hayes timely filed his § 2254 petition within AEDPA's one-year statute of limitations. AEDPA became effective April 24, 1996, after Hayes had been convicted. From AEDPA's effective date, absent tolling, Hayes had one year, that is, until April 24, 1997, to file his § 2254 petition. He did so 20 years too late. We also agree with the district court that Hayes has failed to allege sufficient facts to support any equitable tolling. So we deny Hayes a COA.

We deny Hayes's IFP motion. His inmate-savings account shows a balance sufficient to prepay the $505 appellate filing fee.

## CONCLUSION

We deny Hayes a COA and we deny his IFP motion.

Entered for the Court

Gregory A. Phillips
Circuit Judge

4