FILED
United States Court of Appeals
Tenth Circuit

September 4, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY FINERSON,

     Petitioner - Appellant,

v.

BUREAU OF PRISONS,

     Respondent - Appellee.

No. 18-3079
(D.C. No. 5:18-CV-03017-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

     Anthony Finerson, a state prisoner proceeding pro se,[1] challenges the district

court's denial of his 28 U.S.C. § 2241 petition. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe a pro se appellant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). But we won't serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## BACKGROUND

On November 20, 2013, a grand jury in the United States District Court for the Eastern District of Missouri charged Finerson with two counts of defrauding the United States Department of Agriculture's Supplemental Nutrition Assistance Program (SNAP) and one count of conspiracy to defraud SNAP.

On November 25, 2013, a Missouri state court sentenced Finerson to ten years of imprisonment after he was found guilty of two counts of both second-degree statutory rape and enticement of a child. Finerson was remanded to state custody.

On December 13, 2013, the Eastern District of Missouri issued a writ of habeas corpus *ad prosequendum* to bring Finerson before it "for an initial appearance and at other times and dates." R. at 14. Upon completion of those proceedings, the United States Marshals were to return Finerson to the Missouri Department of Corrections' custody. Two days later, the United States Marshals collected Finerson and placed him in federal custody.

On February 12, 2014, still in federal custody, Finerson pleaded guilty in the Eastern District of Missouri to one count of defrauding SNAP and one count of conspiracy to defraud SNAP. That same day, the United States Marshals returned Finerson to the Missouri Department of Corrections' custody.

On May 13, 2014, the United States Marshals transferred Finerson back into federal custody for federal sentencing. Three days later, the Eastern District of Missouri sentenced Finerson to 24 months of imprisonment to "run consecutive to the sentence the defendant is currently serving for the State of Missouri." *Id.* at 85. And

on May 21, 2014, the United States Marshals returned him to state custody. A Missouri state court later sentenced him to four years of imprisonment for four counts of failing to register as a sex offender. For these convictions, and those referenced above, Finerson remains confined in the Western Missouri Correctional Center.

That fall, Finerson requested credit be granted against his federal sentence from May 16, 2014 to the present. The Federal Bureau of Prisons (BOP) denied his request, notifying him that his "case is on hold" with the Eastern District of Missouri until his "release from State custody," because the federal district court "ordered [his] federal sentence to run consecutive to [his] state sentence." *Id.* at 40.

On October 16, 2017, Finerson filed his § 2241 petition in the United States District Court for the District of Western Missouri, and the petition was later transferred to the District of Kansas. In the petition, Finerson alleged that the federal BOP violated his Fifth and Fourteenth Amendment rights to a *nunc pro tunc* designation. He also alleged that the federal BOP had denied him "equal protection to prison time credit." *Id.* at 7. In sum, he argued that his federal sentence should have begun to run on May 16, 2014 because the Missouri Department of Corrections waived its primary jurisdiction over him by releasing him to federal authorities without a valid *ad prosequendum* writ.

On April 10, 2018, the Kansas federal district court denied Finerson's petition. As to Finerson's *nunc pro tunc* designation, the Kansas federal district court concluded that the Eastern District of Missouri had intended that Finerson's state and

federal sentences run consecutively. So the Kansas federal district court agreed with the federal BOP's refusal to designate Finerson *nunc pro tunc*. Because Finerson hadn't been placed in federal custody to commence serving his federal sentence, the Kansas federal district court also concluded that Finerson's transfer to federal custody hadn't commenced his federal sentence. And the court noted that the December 3, 2013 *ad prosequendum* writ authorized Finerson's transfer to federal custody "for an initial appearance *and* at other times and dates." *Id.* at 14, 123 (emphasis added).

Finerson now appeals.

## DISCUSSION

When reviewing a district court's denial of habeas corpus under 28 U.S.C. § 2241, we review de novo the court's legal conclusions and we "accept its factual findings unless clearly erroneous." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017) (quoting *al-Marri v. Davis*, 714 F.3d 1183, 1186 (10th Cir. 2013)).

Here, Finerson raises two issues: (1) that he is entitled to a *nunc pro tunc* designation; and (2) that his federal sentence commenced on May 16, 2014. We address each issue in turn.

### (a) *Nunc Pro Tunc*

Here, the Eastern District of Missouri explicitly ordered that Finerson serve his federal sentence consecutive to his state sentence. The federal BOP's agency guidelines don't permit it to designate a prisoner *nunc pro tunc* "where the federal court has ordered that the federal sentence run consecutive to the earlier state

4

sentence." *United States v. Miller*, 594 F.3d 1240, 1242–43 (10th Cir. 2010) (citing B.O.P.P.S. 5160.05, ¶ 7(b)-(c), and ¶ 9(b)(4)(c)). Permitting a *nunc pro tunc* designation for Finerson "would void the district court's valid sentence, and undermine the court's statutory authority under 18 U.S.C. § 3584(a)." *Id.* at 1242. So the district court correctly denied Finerson's petition because he doesn't qualify for a *nunc pro tunc* designation.

### (b) Commencement of federal sentence

Finerson argues that his federal sentence commenced May 16, 2014, when the Eastern District of Missouri sentenced him. He contends that because there was no operative *ad prosequendum* writ granting the federal BOP temporary custody of him when he was federally sentenced, the Missouri Department of Corrections waived its primary jurisdiction over him, and he was exclusively in federal custody at his federal sentencing.

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, . . . the official detention facility at which the sentence is to be served." "A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." *Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006). To determine whether the federal BOP has received a prisoner for the purpose of commencing his federal sentence, we consider (1) whether officials transferred the prisoner between sovereigns under the authority of a document showing the transfer was supposed to be temporary, and (2) whether the subsequent conduct of the two

5

sovereigns evidenced intent that the transfer be permanent. *See Stroble v. Terrell*, 200 F. App'x 811, 814–15 (10th Cir. 2006).

Here, Finerson is correct that no second *ad prosequendum* writ issued authorizing his transfer for federal sentencing. But the December 3, 2013 writ explicitly signaled the federal BOP's intent to transfer Finerson to federal custody temporarily as needed. And both the federal BOP and the Missouri Department of Corrections' conduct after Finerson's federal sentencing corresponds with this intent. On May 21, 2014, the federal BOP returned Finerson to state custody. That signals the federal BOP's intent that Finerson continue to serve his state sentence, not that Finerson's federal sentence had commenced. So Finerson's federal sentence didn't commence May 16, 2014.

## CONCLUSION

We affirm the district court.

Entered for the Court

Gregory A. Phillips
Circuit Judge