**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MICHEAL JAMES CHIPMAN, a/k/a
Michael Chipman,

     Petitioner - Appellant,

v.

CYNTHIA H. COFFMAN, The Attorney
General of the State of Colorado,

     Respondent - Appellee.

No. 17-1420
(D.C. No. 1:17-CV-00886-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Micheal Chipman, a state parolee proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 petition. We deny Chipman a COA.

**BACKGROUND**

On June 22, 2002, a jury convicted Chipman for a laundry list of state crimes.

He directly appealed those convictions to the Colorado Court of Appeals. On

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe a pro se appellant's complaint liberally. *Gaines v. Stenseng*, 292
F.3d 1222, 1224 (10th Cir. 2002). But we won't serve as his advocate. *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

February 8, 2007, the court affirmed some of his convictions, but reversed and remanded the following convictions for a new trial: one of the two counts charging prohibited use of a weapon; attempted first-degree murder; menacing; first-degree assault; reckless endangerment; and aggravated intimidation of a witness.

Chipman alleges that on March 29, 2008, he filed a Colo. R. Crim. P. 35(c) post-conviction application.

The state retried Chipman on the reversed counts, and the second jury convicted him of attempted second-degree murder, first-degree burglary, menacing, second-degree assault, reckless endangerment, and trespass. The state trial court sentenced him to twenty-five years imprisonment, to be served consecutively to the eighteen-month jail sentence imposed for the original convictions that the Colorado Court of Appeals had affirmed. Chipman directly appealed these convictions, too, but on May 22, 2009, he voluntarily dismissed that appeal.

On November 10, 2009, Chipman filed a Colo. R. Crim. P. 35(b) post-conviction motion. On April 30, 2010, the state trial court granted his 35(b) motion and resentenced him.

On July 6, 2012, Chipman filed a Colo. R. Crim. P. 35(c) motion, seeking post-conviction relief because he had allegedly received ineffective assistance of trial counsel in both of his trials and alleging that he was incompetent during his first trial. The state trial court denied his motion. Chipman appealed. On October 8, 2015, the Colorado Court of Appeals dismissed the appeal in part and otherwise affirmed the

2

state trial court. Chipman filed a writ of certiorari. On April 11, 2016, the Colorado Supreme Court denied certiorari.

On April 11, 2017, Chipman filed a 28 U.S.C. § 2254 petition in the United States District Court for the District of Colorado. In this petition, Chipman alleged that at trial, "Colorado laws concerning insanity and competency to stand trial were not followed" and that he was "browbeaten into not testifying because he would 'appear insane to the jury.'" R. at 7. He also alleged that the prosecutor "lied" to "illegally raise the bond to a level that could not be reached, without showing that bond conditions had been violated," which in turn violated his Eighth Amendment rights. *Id.* at 8. He contended that he was deprived of due process because a police detective involved in his case had ordered him "never to return home under personal threats" and that same detective committed perjury in violation of Chipman's Fifth Amendment rights. *Id.* He alleged that the prosecution threatened his mother, that his defense team never called his mother as a witness, and that the court barred his mother from the courtroom. He alleged that when the Colorado Court of Appeals considered his Rule 35(c) motion, it got some facts concerning his representation incorrect, and that documents were served on him "that he had no knowledge of or reasonable possibility of discovering until years later." *Id.*

The district court denied Chipman's § 2254 petition. The court concluded that Chipman had untimely filed his petition because AEDPA's one-year statute of limitations had begun to run on May 23, 2009, "the day after [Chipman's] direct appeal was dismissed and the conviction and sentence became final." *Id.* at 187. And

3

the court determined that on November 9, 2009, "the day prior to when [Chipman] filed the Rule 35(b) motion," the AEDPA one-year statute of limitations became tolled. *Id.* The district court concluded that tolling expired on June 18, 2010, when Chipman failed to appeal the state trial court's denial of his Rule 35(b) motion within the time period to do so. And by July 6, 2012, when Chipman filed his Rule 35(c) motion, "919 days had run for purposes of" AEDPA's one-year statute of limitations. *Id.*

Chipman now appeals.

## DISCUSSION

Before Chipman's appeal may proceed, he must obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). To do so, he must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude [] that the district court erred in dismissing the petition[.]" *Slack*, 529 U.S. at 484.

AEDPA provides a one-year limitation period for habeas petitions filed by persons in custody under the authority of a state-court judgment. 28 U.S.C. § 2244(d)(1). That limitation period runs from the date the state-court judgment becomes final by conclusion of direct review or the date when the time to seek such review expires, among other dates not relevant to this appeal. *Id.* State applications for post-conviction relief filed within AEDPA's one-year limitation toll the statute of limitations. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

4

Equitable tolling can also provide relief from AEDPA's one-year limitation period. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling if he can show (1) that he has diligently pursued his rights, and (2) that extraordinary circumstances blocked him from timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Chipman contends that the Rule 35(c) motion he filed in 2008 is the motion that the Colorado Court of Appeals adjudicated on October 8, 2015. The record shows that Chipman filed his Rule 35(c) motion on July 6, 2012. By that date, 919 days had passed between the date his conviction became final and the date he filed his Rule 35(c) motion (giving Chipman appropriate credit for tolling during the pendency of his Rule 35(b) motion). So any reasonable jurist would regard Chipman's petition as untimely, and the record supports the district court's conclusion that Chipman failed to demonstrate entitlement to equitable tolling.

## CONCLUSION

We deny Chipman a COA. We dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5