UNITED STATES of America

v.

Gwen BERGMAN, Defendant–Appellant.

No. 05–1039.

United States Court of Appeals, Tenth Circuit.

Aug. 14, 2006.

Jerry N. Jones, David M. Conner, Kathleen L. Torres, Office of the United States

---

Attorney, Denver, CO, for Plaintiff–Appellee.

Raymond P. Moore, Fed. Public Defender, Howard A. Pincus, Office of the Federal Public Defender, District of Colorado and Wyoming, Denver, CO, for Defendant–Appellant.

Before HENRY, LUCERO, and McCONNELL, Circuit Judges.

## ORDER AND JUDGMENT[*]

ROBERT HENRY, Circuit Judge.

Gwen Bergman pleaded guilty to a two count-information alleging: (1) a violation of the Travel Act, 18 U.S.C. § 1952(a)(1) and (3); and (2) that property derived from the Travel Act violation, including $29,000.00 in United States currency and a United States Postal Order in the amount of $1,000, should be forfeited to the government pursuant to 18 U.S.C. §§ 982, 1956(c)(7), 1961(1), and 28 U.S.C. § 2461(c). The government's allegations arise out of Ms. Bergman's payment of $30,000 to an undercover law enforcement agent (posing as a "hit man") to murder her ex-husband. The district court sentenced her to five years' imprisonment, followed by three years' supervised release.

Ms. Bergman appealed her conviction and sentence, and her counsel initially filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Her counsel stated that Ms. Bergman did not wish to challenge her convictions and that, as to her sentences, the issues that could be raised on appeal had no merit.

Ms. Bergman then filed a pro se supplemental brief challenging her conviction. Her counsel and the government subsequently filed supplemental briefs addressing her strongest argument: that she had not admitted facts sufficient to establish a violation 18 U.S.C. § 1952(a)(1) and (3). The government contested Ms. Bergman's assertion, *see* Aple's Supp. Br. filed Apr. 28, 2006, at 5 (stating that "Bergman's admitted conduct was covered by the Travel Act"). However, three days before the scheduled oral argument in this appeal, the government confessed error, stating that "[u]pon further review of the parties' briefs and the facts in the record, [it][had] concluded that the facts as admitted in the plea agreement do not satisfy the elements for the Travel Act violation to which Bergman pled guilty" and that "Bergman's conviction should be vacated, the plea nullified, and the matter remanded to the district court for further proceedings." Aple's Mtn. to Vacate Oral Argument and to Remand to the District Court for Further Proceedings, filed July 25, 2006, at 2.

We agree with the government's current position. The facts admitted by Ms. Bergman do not establish that the $30,000 paid to the undercover officer constituted "proceeds of any unlawful activity," *see* 18 U.S.C. §§ 1952(a)(1), 1956, or "criminally derived property," *see* 18 U.S.C. § 1957(a). Because the forfeiture charge is based upon the Travel Act violations, it too should be overturned.

Accordingly, we VACATE Ms. Bergman's plea agreement, convictions, and sentences, and REMAND the case to the district court for further proceedings consistent with this order and judgment. In

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the 10th Cir. R. 36.3.

light of the disposition of this appeal, we DENY the parties' pending motions as moot[1]

---

1. We appreciate the government's eleventh-hour concession. However, in order to avoid the needless expenditure of the resources of the court and opposing counsel, we urge that in future cases it should arrive at its final position in a more timely manner.