**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN ARNULFO-SANCHEZ,

    Defendant - Appellant.

No. 06-4028
(D. Utah)
(D.Ct. Nos. 2:05-CV-20-BSJ and
2:99-CR-641-BSJ)

_____

**ORDER**
Filed May 1, 2007

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Appellant's petition for rehearing is granted in part, for the purpose of correcting the order denying a certificate of appealability dated March 14, 2007. In all other aspects, the petition is denied. The amended order, filed nunc pro tunc to March 14, 2007, is attached.

Entered for the Court
Elisabeth A. Shumaker, Clerk

By:
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN ARNULFO-SANCHEZ,

    Defendant - Appellant.

No. 06-4028
(D. Utah)
(D.Ct. Nos. 2:05-CV-20-BSJ and
2:99-CR-641-BSJ)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPLICATION**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Juan Arnulfo-Sanchez was convicted on one count of possession of 500 grams or more of a mixture of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) in the United States District Court for the District of Utah. Following the denial of his direct appeal, he filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the district

court, alleging ineffective assistance of counsel and that his due process rights, as defined by *Brady v. Maryland*, 373 U.S. 83 (1963), were violated. The district court denied the § 2255 motion, without holding an evidentiary hearing. Because the district court did not rule on whether to grant a certificate of appealability (COA) within thirty days, we deem the application for COA denied. 10th Cir. R. 22.1(c). Arnulfo-Sanchez now asks this Court to grant a COA. *See* 28 U.S.C. § 2253(c).

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "This means that the applicant must show 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A. Ineffective Assistance of Counsel

Arnulfo-Sanchez argues his trial counsel was ineffective in several respects. He claims his counsel: 1) failed to conduct pre-trial investigation of his case before counseling him to reject a plea-agreement; 2) inadequately performed at trial by not hiring a handwriting expert and calling Arnulfo-Sanchez's wife to

testify; 3) failed to contend, at sentencing, the methamphetamine was not consumable; and 4) had a financial conflict of interest.

To prevail on a claim his trial counsel was constitutionally ineffective, Arnulfo-Sanchez "must show that counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

Arnulfo-Sanchez argues his counsel failed to conduct a reasonable pre-trial investigation of the case. The district court reviewed the docket and found counsel had filed "numerous pre-trial motions each addressing various evidentiary issues relating to the case." (R. at 146.) We agree counsel's filings indicate counsel engaged the evidence in the case. In addition, Arnulfo-Sanchez has failed to explain how the alleged trial errors would have had a "reasonable probability" of affecting the outcome of the case. *Strickland*, 466 U.S. at 694. Arnulfo-Sanchez argues counsel's trial performance was constitutionally inadequate because he did not hire a handwriting expert. Although there was an issue regarding the authorship of certain "pay-owe sheets" offered into evidence at trial, Arnulfo-Sanchez provides no evidence demonstrating testimony by such an

expert would have affected the outcome of the trial. He also alleges ineffective assistance because counsel called his wife to testify. According to Arnulfo-Sanchez, his wife testified "that the family income was modest, and she was not aware that [Arnulfo-Sanchez] had in his possession the sum of $991.00." The actual transcript of this testimony is not a part of the record on appeal. In any event, we are reluctant to interfere with counsel's strategic decisions, especially where Petitioner has not shown counsel did not have some strategic reason for his actions. *See Strickland*, 466 U.S. at 689 (Supreme Court hesitant to "interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions."). Arnulfo-Sanchez did not demonstrate a reasonable probability counsel's choices would have affected the outcome of the trial.

The same reasoning defeats Arnulfo-Sanchez's complaint about counsel's ineffectiveness at sentencing because he did not address, given the fact the drugs were only 28% pure methamphetamine, whether the mixtures were consumable. As the government pointed out in its brief before the district court, Note B to the Drug Quantity Table of § 2D1.1 defines the term "methamphetamine (actual)" as "the weight of the controlled substance, itself, contained in the mixture or substance." *See* USSG § 2D1.1 n.B (2004). The guidelines recommend the sentencing court "use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the PCP

(actual), amphetamine (actual), or methamphetamine (actual), whichever is greater." *Id*. This Court presumes the district court considered the guidelines. *United States v. Goldberg*, 295 F.3d 1133, 1141 (10th Cir. 2002) ("Although it is not entirely clear from that statement what methodology the district court employed, we will presume that the district court employed a methodology based on the Guidelines."). Because Arnulfo-Sanchez has provided no record-indication to the contrary, we presume counsel's failure to raise the purity issue, in light of the guidelines framework, did not change the outcome of the sentencing.

Finally, Arnulfo-Sanchez claims his counsel was improperly financially motivated when he advised Arnulfo-Sanchez to choose to go to trial instead of accepting a plea bargain. As the district court held, however, there is no evidence supporting the allegation counsel put his own financial interests ahead of his client's interests.

B. Alleged Brady Violation

In addition, Arnulfo-Sanchez alleges a violation of the rule announced in *Brady*. He argues the government improperly suppressed handwriting analysis evidence. This Court, however, has already found this claim without merit in Arnulfo-Sanchez's direct appeal. *See United States v. Arnulfo-Sanchez*, 71 Fed. App. 35, 39-41 (2003) (unpublished). "An issue disposed of on direct appeal will generally not be reconsidered on a collateral attack by a motion pursuant to 28 U.S.C. Section 2255." *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir.

1978). Furthermore, our decision in Petitioner's direct appeal on the *Brady* issue is binding in this case. *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotations omitted). The issue is not reasonably debatable.

C. District court's refusal to hold an evidentiary hearing

Arnulfo-Sanchez's final complaint alleges the district court erred by refusing to hold an evidentiary hearing on these matters. "We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion." *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004). As discussed above, Petitioner has not produced enough evidence showing a "plausible" claim of constitutional violation. *See United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (District court did not err in declining to hold an evidentiary hearing where defendant "failed to show his counsel's performance was constitutionally deficient."). Therefore, the district court did not err in declining to hold an evidentiary hearing.

The district court's order of dismissal is not reasonably debatable. *Taylor*, 454 F.3d at 1078. Arnulfo-Sanchez has failed to make a sufficient showing he is

entitled to a COA.  The request for a COA is denied and the application is dismissed.

**Entered by the Court:**

**Terrence L.  O'Brien**
United States Circuit Judge
