UNITED STATES COURT OF APPEALS December 23, 2013

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. GWEN BERGMAN, Defendant - Appellant. | No. 13-1299 (D.C. No. 1:04-CR-00180-WJM-1) (D. Colo.) |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

Defendant–Appellant Gwen Bergman appeals from a district court order

dismissing her motion for "Return of Forfeiture, Damages under 18 U.S.C.

§ 1956, Fraud, Misrepresentation, Ineffective Assistance and Return Property

Taken upon Warrantless Seizure." United States v. Bergman, 1:04-cr-00180, ECF

Doc. 791 (D. Colo. June 20, 2013). In a text-only docket entry, the district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

concluded that it lacked jurisdiction over the motion because the government appealed another order in the case. It therefore denied the motion. We affirm the denial of the motion, but on different grounds.

Background

This matter has a long and complicated history. In 2004, Ms. Bergman admitted to paying an undercover law enforcement agent $30,000 to kill her ex-husband. United States v. Bergman (Bergman I), 191 F. App'x 762, 763 (10th Cir. 2006). The government initially brought charges under the Travel Act, 18 U.S.C. § 1952(a)(1) and (3), and sought forfeiture of the $30,000 under 18 U.S.C. §§ 982, 1956(c)(7), 1961(1), and 28 U.S.C. § 2461(c). Id. Ms. Bergman pleaded guilty to the Travel Act violations and agreed to forfeit the $30,000. Id. Pro se, Ms. Bergman appealed her plea. Id. We vacated her conviction and remanded to the district court, holding that the facts she admitted did not amount to a violation of the Travel Act. Id. at 763-64. And "[b]ecause the forfeiture charge [was] based upon the Travel Act violations," we overturned her forfeiture agreement as well. Id. at 763.

The same day we remanded the case, a grand jury indicted Ms. Bergman on new charges: use of interstate commerce and mail to commit murder for hire (Count 1); conspiracy to commit murder for hire (Count 2); and criminal forfeiture (Count 3). United States v. Bergman (Bergman II), 599 F.3d 1142,

1145 (10th Cir. 2010). After a bench trial in May 2008, Ms. Bergman was convicted of both Counts 1 and 2. Id. at 1146. In December 2008, shortly before sentencing, Ms. Bergman reached an agreement with the government whereby, rather than forfeiting the $30,000, Ms. Bergman agreed to have the $30,000 held in trust for her son. ECF Doc. 726, at 2. In exchange, the government agreed to dismiss the forfeiture count. Id. On December 4, 2008, the district court sentenced Ms. Bergman to 108 months' imprisonment followed by 3 years' supervised release for her violation of Counts 1 and 2. Bergman II, 599 F.3d at 1146. The court dismissed Count 3, the forfeiture count, on the government's motion. Id.

In August 2011, Ms. Bergman filed a motion under 28 U.S.C. § 2255 seeking to set aside her sentence and conviction, and to invalidate her forfeiture settlement. ECF Doc. 643. In April 2012, the district court dismissed her forfeiture claim with prejudice, concluding that (1) a claim seeking the return of forfeited property is not cognizable under § 2255, and (2) Ms. Bergman surrendered the $30,000 through a separate agreement—a trust for her son in lieu of forfeiture—and that agreement could not be overturned as it was not part of her sentence. United States v. Bergman, No. 04-cr-00180, 2012 WL 1358514, at *1-3 (D. Colo. Apr. 19, 2012). Ms. Bergman did not appeal the court's order, and the time for appeal has long since run.

In June 2012, however, the district court granted Ms. Bergman's § 2255

motion with respect to her sentence and conviction. ECF Doc. 741. It determined that Ms. Bergman's Sixth Amendment right to effective assistance of counsel was violated during her May 2008 criminal trial, as she was "represented" by a person masquerading as a licensed attorney. Id. at 3; see also Bergman II, 599 F.3d at 1146 & n.1. The court vacated her sentence and conviction, and ordered her discharged from supervised release. ECF Doc. 741, at 18. However, the court reiterated that it was not granting Ms. Bergman relief on her forfeiture claim, as it had "already ruled that her claim as to forfeiture is not cognizable" under § 2255. Id. at 6 n.3 (citing ECF Doc. 726 (Bergman, 2012 WL 1358514)). Ms. Bergman did not appeal this ruling either.

Later in June 2012, the government moved to set the case for a new trial. ECF Doc. 745. The court denied the government's motion. ECF Doc. 775. The government's appeal is awaiting resolution by this court. United States v. Bergman (Bergman III), No. 12-1373 (10th Cir. argued Oct. 10, 2013).

In June 2013, Ms. Bergman filed the instant motion, seeking the return of her surrendered funds. 1 R. 71. The district court denied the motion, concluding that the government's appeal regarding a new trial divested it of jurisdiction. ECF Doc. 791. Ms. Bergman appealed to this court. ECF Doc. 792, 795.

## Discussion

Because Ms. Bergman proceeds pro se, we will liberally construe her

motion.  See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

Moreover, we are not bound by the district court's resolution and "may affirm for any reason supported by the record, but not relied on by the district court."  Brady v. UBS Fin. Servs., Inc., 538 F.3d 1319, 1327 (10th Cir. 2008).

Although we disagree that the district court lacked jurisdiction, we will not overturn its denial of the motion for a futile remand.  The filing of a proper notice of appeal has the effect of transferring jurisdiction from the district court to the court of appeals "with respect to any matters involved in the appeal."  Int'l Paper Co. v. Whitson, 595 F.2d 559, 561 (10th Cir. 1979).  Because the government's motion to set the case for a new trial (ECF Doc. 745) did not involve the forfeiture issue, neither did its appeal.  Therefore, the district court had jurisdiction to hear Ms. Bergman's repeated claim that her funds are wrongfully being withheld.  See Int'l Paper Co., 595 F.2d at 562.

The government argues that Ms. Bergman's motion arises from a criminal case and that her notice of appeal is untimely under Fed. R. App. P. 4(b).  Mot. Summ. Disposition 6.  The proper characterization of the motion is not entirely clear, but because it seeks the return of property seized in a criminal case, we will construe it as civil in nature and as arising under Fed. R. App. P. 4(a).  See United States v. Madden, 95 F.3d 38, 39 n.1 (10th Cir. 1996); United States v. Maez, 915 F.2d 1466, 1468 (10th Cir. 1990).  Because it was filed within 60 days of the district court's order, it is timely.  See Fed. R. App. P. 4(a)(1)(B)(i).

Ms. Bergman alleges that our decision in <u>Bergman I</u> (No. 05-1039) dictates that her previously forfeited $30,000 be returned. 1 R. 72; Aplt. Br. 2. However, our decision in that case rested solely on the inappropriateness of Travel Act charges, and we vacated the forfeiture because it was "based upon the Travel Act" as well. <u>Bergman I</u>, 191 F. App'x at 763. The eventual settlement agreement Ms. Bergman reached came under subsequent charges—use of interstate commerce and mail to commit murder for hire, and conspiracy to commit murder for hire—which were never vacated. <u>Bergman I</u> does not provide any support for her claim.

Additionally, Ms. Bergman's claim is not cognizable under the statute on which she relies—28 U.S.C. § 2465. 1 R. 72; ECF Doc. 643, at 14. Section 2465 mandates the return of property where there has been "entry of a judgment for the claimant in any proceeding to condemn or forfeit property." 28 U.S.C. § 2465(a). In Ms. Bergman's case, the district court never entered judgment in her favor; rather, it convicted her of two counts. <u>Bergman II</u>, 599 F.3d at 1146. And rather than forfeit $30,000, she agreed to create a trust benefitting her son and have the forfeiture count dismissed. Although the district court vacated its earlier judgment on Counts 1 and 2 (ECF Doc. 741, at 18), this hardly amounts to "entry of judgment" in favor of Ms. Bergman on the forfeiture count. To the contrary, the district court took care to note that it was leaving her forfeiture settlement untouched. ECF Doc. 741, at 6 n.3. Ms. Bergman does not have a claim under 28

U.S.C. § 2465. Nor does she have a cause of action under the other statute she cites, 18 U.S.C. § 1956 (1 R. 72), as that statute does not provide a private cause of action.

Moreover, these proceedings appear to be an untimely attempt to appeal the district court's previous rulings. Ms. Bergman argues that the district court's April 2012 decision that her relinquishment of the "$30,000 was not a part of her sentence" is error. Aplt. Br. 3 (quoting Bergman, 2012 WL 1358514, at *2). Additionally, she argues that the district court erred in its June 2012 refusal to vacate the forfeiture settlement in addition to her conviction and sentence. Aplt. Br. 2. However, as we have noted, Ms. Bergman did not seek to appeal either of these district court orders. The time to do so has long passed, and her attempt to relitigate the forfeiture issue should be considered untimely. See Fed. R. App. P. 4(a)(1), (b)(1); United States v. Langham, 77 F.3d 1280, 1280 (10th Cir. 1996).

Finally, her allegation that over $500,000 of personal property was wrongfully seized from her vehicle (1 R. 75) fails to amount to a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); cf. Fed. R. Crim. P. 41(g); R. Governing § 2255 Proceedings, R. 2(b)(2); United States v. Arnulfo-Sanchez, 219 F. App'x 796, 799 (10th Cir. 2007).

Because we agree with the district court that Ms. Bergman's motion should be denied, remand for further proceedings is unnecessary. See Brady, 538 F.3d at 1327 (court may affirm the district court's judgment on any ground supported by

the record).

AFFIRMED; the district court shall note on the docket sheet that the denial of the motion is on the merits rather than for lack of jurisdiction. In view of our decision, the government's Motion for Summary Disposition filed July 24, 2013 in this court, becomes moot.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge