**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GWEN BERGMAN,

    Defendant - Appellant.

No. 14-1488
(D.C. No. 1:04-CR-00180-WJM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Defendant Gwen Bergman, proceeding pro se,[1] appeals from a district court

order denying her motion for relief pertaining to a criminal forfeiture count settled

years ago under an agreement reached with the government during its

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ms. Bergman is proceeding pro se, we construe her filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

now-abandoned effort to prosecute her for an alleged scheme to murder her ex-husband. We affirm for the reasons explained below.

## I.    BACKGROUND

This case's long procedural history includes four prior appeals. We pick up the story following Ms. Bergman's second indictment, in 2006, on counts of conspiracy to commit murder for hire and use of interstate commerce and mail to commit murder for hire. The indictment also set out a third count for criminal forfeiture of property (including $30,000 previously seized by the government), contingent upon a conviction on the conspiracy count.

Ms. Bergman was found competent to stand trial in 2007 and convicted in 2008. She learned shortly thereafter that one of her trial attorneys was not licensed to practice law, but did not move for mistrial on this basis. The district court scheduled the case for sentencing, with legitimate counsel substituting for the now-withdrawn unlicensed attorney.

Shortly before the sentencing hearing, Ms. Bergman executed an agreement with the government providing that the $30,000 specified in the forfeiture count "should not be forfeited, but rather should be held in trust for the benefit of Gwen Bergman's son." R. doc. 438, attachment 2, at 2. After sentencing Ms. Bergman to concurrent 108-month terms of imprisonment for the two substantive counts, the district court granted the government's motion to dismiss the forfeiture count and entered judgment in the case.

Following an appeal, remand, and hearing regarding a retroactive competency determination ultimately resolved in the government's favor, Ms. Bergman filed a motion under 28 U.S.C. § 2255 challenging her convictions. Holding that she had received ineffective assistance of counsel at trial, the district court vacated her convictions on the conspiracy and interstate-commerce murder-for-hire counts, denied the government's motion to set a new trial, and discharged Ms. Bergman from the remainder of her term of supervised release (she had completed her term of imprisonment).

The district court refused to consider any attack as to the forfeiture, holding such matters are not within the remedial scope of § 2255. In rejecting Ms. Bergman's contention that the forfeiture was a part of her sentence and as such subject to challenge under § 2255, the district court explained that "there was no criminal forfeiture," rather, "Ms. Bergman entered into an agreement to place the $30,000 in trust for her son's education, and in return the Government dismissed the forfeiture count prior to sentencing." R. doc. 726 at 4.

The government appealed from the district court's decision to deny retrial (Ms. Bergman did not appeal). This court vacated that decision and remanded for further proceedings. The government promptly dismissed the conspiracy count and, later, also the interstate-commerce count.

That brings us to the motion filed by Ms. Bergman (between the government's dismissals of the two substantive counts) that underlies this appeal. But first we need to summarize one more matter germane to our disposition here.

3

While the government's aforementioned appeal was pending, Ms. Bergman filed a motion for return of property, including the $30,000 that had been placed in trust for her son under the 2008 settlement agreement. The district court denied the motion for lack of jurisdiction, holding the government's appeal regarding retrial on the substantive criminal counts had divested it of jurisdiction to address the proper disposition of seized property.

On appeal, this court disagreed with that jurisdictional holding but affirmed the denial of Ms. Bergman's motion on the merits. Three points made in that decision are relevant here. First, we construed Ms. Bergman's motion seeking the return of property in her criminal case as a civil matter, implicating the sixty-day appeal period in Fed. R. App. P. 4(a)(1)(B)(i) rather than the fourteen-day period in Fed. R. App. P. 4(b)(1)(A). *See United States v. Bergman*, 550 F. App'x 651, 654 (10th Cir. 2013). Second, we held her objections to the district court's failure to treat the disposition of the $30,000 under the settlement agreement as part of her sentence, and its consequent refusal to order the return of the money when the underlying substantive counts were vacated, were untimely attempts to relitigate matters she should have challenged by appeal after the district court issued the pertinent orders. *See id.* at 655. Third, we rejected "her allegation that over $500,000 of personal property was wrongfully seized from her vehicle," because it "fail[ed] to amount to a plausible claim for relief." *Id.*

4

## II.    ANALYSIS OF MOTION CHALLENGED ON APPEAL

Turning to the motion spawning this appeal, Ms. Bergman asked the district court to dismiss the indictment because of matters that occurred before the grand jury; to grant a hearing on the forfeiture count and order the return of property seized by the government, along with interest and attorney fees; and to reconsider its order denying her request for transcripts of the grand jury proceedings to research grounds supporting dismissal of the indictment. *See* R. doc. 848. Given the government's ultimate dismissal of all counts against Ms. Bergman, her request for dismissal of the indictment and her objections pertaining to the grand jury proceedings leading to the indictment are obviously moot and we consider them no further. The only potential controversy at this point concerns the return of property seized by the government. In that regard, the district court concluded it had previously rejected Ms. Bergman's efforts to relitigate such matters (in the decision recounted above) and that such efforts were otherwise untimely. We agree.

Before reaching the merits, we must address the government's contention that Ms. Bergman's appeal is untimely because she filed it seven days after the fourteen-day deadline for criminal appeals specified in Rule 4(b)(1)(A). As the government acknowledges, this is the same jurisdictional objection this court rejected in Ms. Bergman's prior appeal on the basis that proceedings seeking the return of property are governed by the sixty-day civil appeal deadline in Rule 4(a)(1)(B)(i). Because she is again seeking such relief (in the only aspect of the appeal that remains a live controversy), we conclude her appeal is timely under the latter rule.

Her appeal fails on the merits, however. The primary focus of her briefing is the $30,000 placed in trust for her son pursuant to the agreement under which the government dismissed the forfeiture count. She contends the dismissal of the conspiracy charge, upon which the forfeiture count was contingent, requires a return of the $30,000 to her. In a related vein she also repeats her argument that forfeiture of the $30,000 was a part of her sentence and thus must fall with the dismissal of the substantive criminal counts. Both of these contentions are inapposite for the same reason: the $30,000 was disposed of not as a forfeiture to the government but as a function of the agreement she made to avoid such a forfeiture and ensure that her son would receive the funds. The ultimate dismissal of the charges against her is irrelevant to the effectuation of that agreement, which was not qualified in any way with respect to the disposition of her criminal prosecution.

Ms. Bergman also challenges the validity of the agreement itself, alleging it was the product of fraud and duress. She made similar allegations in her first motion for return of property, the denial of which we affirmed on her last appeal, noting that the time to attack the 2008 settlement agreement "has long passed," *Bergman*, 550 F. App'x at 655. A fortiori, the repetition of such allegations is untimely now.

Finally, Ms. Bergman objects in conclusory fashion to an allegedly wrongful seizure of personal property from her vehicle. As discussed above, we rejected the same objection in her last appeal because it did not state a plausible claim for relief. *See id.* She provides no basis to justify reviving and revisiting this settled matter.

6

## III. CONCLUSION

The order of the district court is affirmed. The government's motion for summary disposition of this appeal, previously reserved to the merits panel, is denied as moot, and Ms. Bergman's motion for leave to proceed on appeal in forma pauperis is granted.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge