**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THERON MAXTON,

    Defendant - Appellant.

No. 15-1234
(D.C. No. 1:13-CR-00411-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **GORSUCH**, Circuit Judges.
_____

Theron Maxton appeals the district court's denial of his motion for substitute counsel and a continuance of trial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Maxton was charged with four counts of retaliating against a federal officer by threatening the officer or a family member, based on statements Maxton made while incarcerated at the Federal Correctional Institute. He was initially represented by Assistant Federal Public Defender Scott Varholak. Varholak withdrew as counsel in March 2014 and was replaced by Paula Ray.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On July 2, 2014, Maxton filed a pro se motion requesting a different attorney. The district court scheduled a hearing on the motion for July 7, but Maxton refused to leave prison to attend. Maxton was not injured or ill, he simply refused to leave his cell. He had engaged in similar conduct during prior proceedings. The court rescheduled the hearing for July 14. On July 9, Maxton filed a second motion seeking substitute counsel. The court denied both the July 2 and the July 9 motions after an ex parte hearing at which Ray and Maxton addressed the court.

One week later, on July 21, Maxton moved to represent himself. Ray moved to withdraw. Maxton again refused to leave prison to attend a hearing on those motions. Although the court stated it could not rule without Maxton present, it granted a request to continue trial to conduct a mental health evaluation. At an October 2014 hearing, Ray informed the court that Maxton wished to withdraw his motion and proceed with Ray as his attorney.

The court scheduled trial for January 20, 2015. On December 29, 2014, Maxton filed a motion to substitute counsel and delay trial. At a hearing on that motion, held January 8, 2015, Maxton stated that he spoke with Ray and no longer wanted a different attorney. At a pre-trial hearing on January 16, Maxton said he was "all right for trial," but he later indicated he might wish to represent himself because the prosecutor was making false statements. The district court explained to Maxton that Ray would cross-examine witnesses and would be responsible for making strategic decisions.

The morning of trial, Maxton once again refused to leave his cell. He eventually relented, arriving several hours late with another motion to substitute counsel and continue trial. In this motion, Maxton argued that: (1) Ray was unprepared because she had not investigated his claim that he was beaten prior to an interview with an FBI agent; (2) Ray had not informed him that he could have testified at a suppression hearing; and (3) Ray refused to inform the court that the government's medical expert was prejudiced against him.

The court denied Maxton's motion. It stated the motion was "being made way too late" and was based on issues Maxton "knew or should have known about" earlier. The court specifically noted that Maxton should have raised his concerns at the January 16 hearing. After allowing Maxton to speak, the court further stated that the issues raised in the motions were "in all likelihood entrusted to your attorney" and "don't provide adequate grounds for substitution of counsel or a continuation of the trial."

Maxton was convicted on all four counts and sentenced to 100 months' imprisonment. He timely appealed.

## II

We review a district court's denial of a motion for substitute counsel for abuse of discretion. United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002). "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Blaze, 143

3

F.3d 585, 593 (10th Cir. 1998) (quotation omitted).  "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney . . . rather, there must be a total breakdown in communications."  Lott, 310 F.3d at 1249.

In deciding if a district court abused its discretion, we consider whether:  "(1) the defendant's request was timely; (2) the trial court adequately inquired into defendant's reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown."  United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005).  The timeliness issue must be "strongly consider[ed]" because "there must be some limit to the defendant's ability to manipulate the judicial system."  United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999) (quotation omitted).

Maxton argues that the district court failed to properly inquire into his reasons for seeking substitution of counsel.  He cites to Lott in which we stated that "[i]f a defendant makes sufficiently specific, factually based allegations in support of his request for new counsel, the district court must conduct a hearing into his complaint."  310 F.3d at 1249.  However, we also explained in a footnote that "[f]ormal inquiry may not be necessary . . . where the defendant otherwise stated his reasons for dissatisfaction on the record."  Id. at 1249 n.15 (quotation omitted); see also United States v. Padilla, 819 F.2d 952, 956 n.1 (10th Cir. 1987) ("While the court did not conduct a formal inquiry into defendant's reasons for terminating appointed and

4

retained counsel, the omission is harmless where the defendant otherwise stated his reasons for dissatisfaction.").

Maxton's motion detailed his reasons for seeking substitute counsel. Each of the three issues he raised concerned a strategic disagreement that fell short of the good-cause threshold. Although the court did not conduct a formal hearing on the motion, it asked both Maxton and counsel if they wished to add anything to the motion's argument. Given the wholly insubstantial nature of Maxton's complaints, a formal hearing was not necessary because it would have added "nothing to the district court's understanding of the defendant's complaint." Lott, 310 F.3d at 1249 n.15.

In addition to the inquiry issue, Maxton argues that the district court erred by denying his motion based solely on timeliness. He cites to several Third Circuit cases holding that there is not a firm time limit for a motion to substitute counsel. See, e.g., United States v. Welty, 674 F.2d 185, 187 (3d Cir. 1982) (motion made on "eve of trial" must be fully considered). But the district court also stated that the issues argued in Maxton's motion did not "provide adequate grounds for substitution of counsel or a continuation of the trial." Maxton notes that the district court provided this comment after it announced that it would deny his motion. However, we are not aware of any case law suggesting that a district court must provide all of its reasons before pronouncing a decision and inquiring further.

## III

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge