**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THERON MAXTON,

    Defendant - Appellant.

No. 19-1278
(D.C. No. 1:17-CV-00472-PAB &
1:13-CR-00411-PAB-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Appellant Theron Maxton, a federal prisoner appearing pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his

28 U.S.C. § 2255 petition. Exercising jurisdiction under 28 U.S.C §§ 1291 and

2253(c), we deny Maxton's application for a COA and dismiss his appeal. We also

deny his motion to proceed *in forma pauperis.*

**BACKGROUND**

In November 2013, a grand jury sitting in the District of Colorado charged

Maxton with two counts of threatening a United States official and two counts of

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

threatening a member of the official's immediate family. *See* 18 U.S.C. § 115(a)(1)(A), (a)(1)(B). On January 22, 2015, a jury convicted Maxton on all four counts. The district court imposed a one-hundred-month sentence and ordered it to run consecutively with two sentences already imposed by the District of South Carolina.

In 2016, Maxton appealed his convictions, and this court affirmed. *See United States v. Maxton*, 666 F. App'x 755 (10th Cir. 2016) (unpublished). In February 2017, Maxton filed a pro se 28 U.S.C. § 2255 motion in the court of conviction. *See United States v. Maxton*, No. 17-cv-00472-PAB, 2019 WL 3285733 (D. Colo. July 22, 2019). In January 2019, Maxton amended his § 2255 motion. *Id.* at *1. Because Maxton incorporated his first motion into his second, the district court considered his initial and amended § 2255 motions together. *See id.*

Maxton raised four arguments. First, he argued that his counsel provided ineffective assistance by failing to "get [his] witness to come testify at [his] trial or get the tape that would show that FBI Agent Cronan didn't read [him his] Miranda rights." *Id.* (alteration in original) (internal quotation marks and citation omitted). After reviewing the deferential standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and later cases, the court examined Maxton's claim. *Id.* The court rejected the claim after reviewing the evidence and finding that "[t]here is no credible evidence that this purportedly mitigating evidence exists, let alone that counsel was objectively unreasonable in failing to present it." *Id.* at *2.

2

Second, Maxton challenged the district court's denial of his motion to substitute counsel and to continue the trial date. *Id.* at *3. The district court noted that Maxton had requested this relief on the first day of trial. *Id.* The court rejected this claim after pointing out that Maxton had raised and lost this issue on direct appeal. *See id.* (citing *Maxton*, 666 F. App'x at 757–58). As the district court observed, § 2255 movants may not rely on claims in that posture in a § 2255 proceeding. *Id.* at *3 (citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

Third, Maxton argued for § 2255 relief on grounds that the court "was prejudiced against him during trial given that he had previously filed two judicial complaints against the Court." *Maxton*, 2019 WL 3285733, at *3. The district court denied relief on this claim because Maxton had failed to raise the issue on his direct appeal. *Id.* The district court noted Maxton was barred from raising the issue "unless he c[ould] show cause excusing his procedural default and actual prejudice resulting from the errors of which he complain[ed], or c[ould] show that a fundamental miscarriage of justice w[ould] occur if his claim [was] not addressed." *Id.* (citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)). The district court found Maxton failed to make any such argument. *Id.*

The district court then found Maxton failed to establish any factual support for his judicial-bias claim. *Id.* A judge must recuse himself if his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The district court concluded that a party's previous filing of a judicial complaint is not by itself sufficient to require

3

recusal. *Maxton*, 2019 WL 3285733, at *3 (citing *Brown v. Sagireddy*, No. 2:14-cv-0338 JAM AC P, 2015 WL 5676977, at *2 (E.D. Cal. Sept. 24, 2015); *Browder v. SPO CAM #933*, No. 4:04-cv-oo630-REL-RAW, 2008 WL 11429789, at *1 (S.D. Iowa July 1, 2008) ("[T]he earlier judicial complaint is not a basis for recusal in this case."); *Fesenmeyer v. Land Bank of KC*, No: 15-0164-CV-W-SRB, 2015 WL 13344632, at *2 (W.D. Mo. Apr. 15, 2015)). The district court denied Maxton relief on this argument as he failed to provide any evidence that the judge's impartiality could be questioned. *Id.*

Fourth, Maxton argued two additional bases for a claim of ineffective assistance of counsel. Maxton claimed that his attorney had previously worked for the district judge and had a sexual relationship with the Assistant United States Attorney prosecuting his case. *Id.* at *4. The court found this claim lacked merit, as Maxton failed to provide any factual support for this allegation, nor did he raise any specific argument as to how his attorney performed in a manner that either prejudiced his defense or was constitutionally deficient. *Id.* In July 2019, the court denied Maxton's § 2255 motions and denied his request for a COA.[1] *Id.*

## STANDARD OF REVIEW

Before Maxton may proceed with his appeal, he must obtain a COA. *See United States v. Chang Hong*, 671 F.3d 1147, 1149 (10th Cir. 2011). To obtain a

---

[1] Maxton also had a civil rights action that was dismissed for failure to pay the prefiling fees. Order Dismissing Appeal, *Maxton v. United States*, No. 16-1441, D.C. No. 1:12-CV-00383-WYD-NYW (D. Colo Dec. 20, 2016), ECF No. 10430792.

COA, Maxton must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). This requires a "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 484, 484 (2000) (internal quotation marks and citation omitted).

## DISCUSSION

Maxton does not expressly request a COA in his combined opening brief and application for a COA, but his notice of appeal counts as a request for a COA. *See* 10th Cir. R. 22.1(A). Where, as here, an appellant proceeds pro se, we liberally construe the plaintiff's complaint. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citing *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998)). This means that if this court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [we] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But this court may not act as a pro se litigant's advocate; the ultimate burden to actually construct and present cogent arguments rests in the hands of the pro se litigant, not this court. *Id.* A § 2255 motion must "state facts that point to a real possibility of . . . error," and Maxton fails to

5

meet that burden. *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (internal quotation marks and citation omitted).

In his application for a COA, Maxton argues to us that the trial judge violated his constitutional rights by failing to disclose what we understand him to say was a previous employer relationship with defense counsel. Maxton does not raise this as an issue, but instead states this as part of his factual background. Because Maxton is proceeding pro se, we overlook his failure to articulate an identifiable issue here and give him the benefit of construing the statements in his factual background as though he had raised an identified claim. *See Gaines*, 292 F.3d at 1224. This claim is without merit as Maxton fails to provide any support for his assertion that there was a relationship between the trial judge and his attorney, or how such a relationship violated his constitutional rights. Mere speculation, unsupported by facts, does not entitle Maxton to § 2255 relief. *See United States v. Gaddis*, 12 F. App'x 733, 734–35 (10th Cir. 2001) (unpublished) (affirming the denial of a § 2255 motion because the "allegations were unsubstantiated, conclusory, speculative, and 'far-fetched'")); *see also United States v. Arnulfo-Sanchez*, 219 F. App'x 796, 799 (10th Cir. 2007) (unpublished).

In his factual background, Maxton also alleges the district court failed to advise him of his right to attend what we understand to be the statement-suppression hearing. Although Maxton fails to identify this as an issue, we will again give him the benefit of construing it as such. But Maxton failed to raise this issue in the district

6

court, barring him from raising the issue for the first time on appeal.[2] *United States v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007) ("[F]ailure to raise an argument before the district court generally results in forfeiture on appeal[.]").

Second, as his first issue, Maxton argues that his attorney violated his constitutional rights by failing to reveal that she was "very close to the U.S. Attorney" and that his counsel was "trying to get back in the U.S. Attorney office[.]" Aplt. Br. 3. Maxton's claim is without merit, as he again offers no factual support. *See Maxton*, 2019 WL 3285733, at *4. Mere speculation will not satisfy the defendant's burden to establish ineffective assistance of counsel. *See United States. v. Batton*, 527 F. App'x 686, 688 (10th Cir. 2013) (unpublished) (citing *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011)). Maxton also fails to assert any argument showing defense counsel's performance was constitutionally deficient or prejudicial to his defense.

Third, as his second issue, Maxton states his attorney did not challenge any of the trial judge's rulings. He does not identify a single ruling he contests, and we obviously cannot scour the record for him. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (noting appellate courts are not required to fashion arguments for defendants who allege only conclusory allegations, devoid of any factual support). Maxton fails to present any cogent argument on this claim.

---

[2] Even if we were to find that Maxton could raise this issue now, Maxton's claim still fails. At the statement-suppression hearing, the district court noted on the record that Maxton made "a knowing and voluntary waiver of his presence from this particular hearing." R. vol. 1 at 177.

7

Finally, as his third issue, Maxton asserts his attorney failed to advise him of his right to be present at a "Miranda rights" hearing. Aplt. Br. 4. As noted earlier, we understand the "Miranda rights" hearing to refer to his motion-to-suppress hearing. But Maxton failed to raise this issue in the district court and, as such, has waived his right to raise it here.[3] *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) ("[W]e do not address arguments presented for the first time on appeal." citing *Oyler v. Allenbrand*, 23 F.3d 292, 299 n.8 (10th Cir. 1994)).

Maxton also filed a motion for leave to proceed *in forma pauperis*. Maxton fails to show the existence of any reasoned, nonfrivolous argument on the law and the facts in support of reversing the district court's dismissal of his action as required to support such a motion. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We deny Maxton's request to proceed *in forma pauperis*.

### CONCLUSION

After reviewing Maxton's arguments and the record on appeal, we conclude that reasonable jurists would not debate the district court's decision. We deny

---

[3] The trial judge informed Maxton, in the event he was convicted, that he would have the right to "claim ineffective assistance of counsel" on appeal. *See* R. vol. 3 at 326. Judge Brimmer was directly addressing Maxton's complaints during trial regarding his attorney's failure to raise certain lines of questioning or provide him with certain information. Maxton chose not to raise this argument before the district court following his conviction.

8

Maxton's request for a COA and dismiss the appeal. We also deny his request for leave to proceed *in forma pauperis*.

Entered for the Court


Gregory A. Phillips
Circuit Judge

9